UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**STEVE D. OWENS,**
　　　　　　**Petitioner,**

　　v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 08C0049

**BYRAN BARTOW,**[1]
　　　　　　**Respondent.**

---

### ORDER

On January 14, 2008, petitioner Steve D. Owens filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In 2002, petitioner was convicted in Door County Circuit Court of first degree intentional homicide and sentenced to life in prison. He is currently in custody at the Wisconsin Resource Center.

Petitioner has filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, he paid the $5 filing fee applicable to habeas petitions. Therefore, I will deny petitioner's motion as moot.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give petitioner's case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

---

[1]Petitioner did not specify the name of the respondent in his habeas petition, but simply named the Wisconsin Resource Center, a state mental health treatment facility, where he is in the custody of Director Byran Bartow. Thus, Bartow the proper respondent in this case.

Rule 4, Rules Governing § 2254 Cases.  During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner raises several grounds for release.  First, he alleges that a member of the jury took notes home and brought unauthorized documents into the jury room in order to reveal outside information to other jurors.  Second, he alleges that the trial court would not allow him to present relevant, admissible defense evidence regarding the victim's violent past.  Third, he alleges that the trial court allowed questionable jurors to "infiltrate" the jury.  Fourth, he alleges that several of the jurors were biased because of their relationships with various people related to the case.  Fifth, he alleges that his post-conviction counsel was ineffective for failing to press each of these claims.  Each of these grounds for release arguably raises a constitutional claim that is cognizable in a habeas petition.  A criminal defendant has a constitutional right to an impartial jury, Morgan v. Illinois, 504 U.S. 719, 726 (1992), to present a defense, Chambers v. Miss., 410 U.S. 284, 302 (1973), and to effective assistance of appellate counsel, Evitts v. Lucey, 469 U.S. 387, 396 (1985).

It is not clear whether petitioner has fully exhausted all available state remedies.  Petitioner filed an earlier federal habeas petition in 2005, which he ultimately voluntarily dismissed so that he could exhaust state remedies.  The claims that petitioner raises in the present petition are not coexistent with the claims raised in his 2005 petition.  It is not clear whether petitioner went back to state court to exhaust his claims as presented in his 2005 petition or as presented in the present petition.  I will order respondent to respond to the petition, and can deal with any exhaustion issue at a later date.

**For the reasons stated,**

**IT IS ORDERED** that Byran Bartow is substituted as the respondent in this case.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims:  (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows:  (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply:  briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must

not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Bryan Bartow and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 24 day of January, 2008.

/s_____
LYNN ADELMAN
District Judge