UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVE D. OWENS,
        Petitioner,

v.                       Case No. 08C0049

BYRAN BARTOW,
        Respondent.

## ORDER

On January 14, 2008, state prisoner Steve D. Owens filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a life sentence for first degree intentional homicide. On January 24, 2008, I screened the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and permitted petitioner to proceed with several claims. I noted that petitioner may have failed to exhaust some of these claims, but I deferred ruling on the exhaustion issue until the respondent could appear. Before me is respondent's motion to dismiss for failure to exhaust.

Before filing a petition for a writ of habeas corpus in federal court, a petitioner must exhaust each claim for relief in state court. § 2254(b)(1). A claim is considered exhausted only if the petitioner has provided the state courts with a full and fair opportunity to review his claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a petition contains any unexhausted claim, the court should ordinarily dismiss it without prejudice so that the petitioner may return to state court. Rose v. Lundy, 455 U.S. 509, 522 (1982). When the petition is "mixed," i.e., it contains some exhausted and some unexhausted claims, the petitioner may voluntarily dismiss the unexhausted claims and proceed only with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 278 (2005) (citing Rose, 455 U.S. at

519). Alternatively, the court may use its discretion to stay the habeas proceeding while the petitioner returns to state court with his unexhausted claims. Id. at 276-77.

Respondent presents evidence that petitioner exhausted only his first two grounds for relief in state court – one based on a juror bringing extraneous notes into juror deliberations and another based on the trial court's decision to not permit petitioner to present evidence of the murder victim's violent tendencies. Thus, petitioner did not exhaust his third or fourth grounds for relief, each of which raises several claims. Petitioner does not deny that he failed to exhaust all but his first two claims. Petitioner asks me to not dismiss his petition, but rather to permit him to "disregard" the third and fourth grounds for relief and permit him to proceed "with only issues 1 & 2." (Letter from Owens to Court Filed February 29, 2008.) Thus, I will deny respondent's motion and permit petitioner to voluntarily dismiss his third and fourth ground for relief.

As for briefing petitioner's first and second claims, petitioner has stated that he wishes to rely on his opening brief filed in state court. (Letter from Owens to Court Filed February 29, 2008.) Below, I will set a schedule for filing the remaining briefs.

**For the reasons stated,**

**IT IS ORDERED** that respondent's motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's third and fourth grounds for relief, as described in his petition, are **VOLUNTARILY DISMISSED**.

**IT IS FURTHER ORDERED** that respondent shall have forty-five (45) days from the date of this order within which to file a brief in opposition to the petition.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days following the filing of respondent's brief within which to file a reply brief, if any.

Dated at Milwaukee, Wisconsin, this 22 day of April, 2008.

/s_____
LYNN ADELMAN
District Judge